[Civil No. 3253. Filed November 28, 1933.]

[27 Pac. (2d) 519.]

W. M. JAMES, Appellant, v. CARL G. KROOK, as Administrator of the Estate of ALBERT W. CRAWFORD, Deceased, Appellee.

466

For former opinion, see *ante,* p. 322, 25 Pac. (2d) 1026.

Mr. E. Elmo Bollinger, for Appellant.

Mr. Carl G. Krook, *in pro. per.*

ROSS, C. J.—The appellee has filed a motion for rehearing. In our opinion we said:

"Besides the payments for the watchman's services, there was evidence that Patrick Brady expended for labor of miners during the year, for pick and shovel prospecting and surface cuts and drifts on property, the sum of $257. The evidence does not disclose the particular claims upon which said work was done, or that as much as $100 worth of it was upon any one of the claims in the group. It follows that the expenditures for annual work were, after deducting $650 as watchman's expenses, far under $100 per claim, when applied to the group as it must be under the evidence."

Appellee states that such labor was performed on the Times, Times No. 2 and Black & White, as a matter of fact, and that it was identified by a witness as being on said claims by the expressions ."the hill," "the big shaft," "the big dyke," "the sixty-foot shaft," and the use of maps and sketches, so that the trial court was able to credit such labor to these claims.

In view of this situation we have concluded that the order should be that the judgment be reversed as to these three claims and the cause as to them remanded for a new trial.

If, in fact, "the hill," "the big shaft," etc., were on a certain claim, and the trial court so understood it, it hardly seems right to declare such claim forfeited because the record here does not so clearly show where such work was done.

LOCKWOOD and McALISTER, JJ., concur.